# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SHAWN SOBIERALSKI,

       Plaintiff,

      v.                                    Case No.: 26-677

SCAN-PAC MFG., INC.;
DAVID A. POZORSKI;
TARAJEE NASHA RUCKER,

       Defendants.

## COMPLAINT

Plaintiff, Shawn Sobieralski, through his undersigned attorneys brings the following Complaint against Defendants, Scan-Pac Mfg., Inc., David Pozorski, and Tarajee Nasha Rucker:

### NATURE OF CASE

1.      Plaintiff, Shawn Sobieralski, alleges that his former employer, Defendant, Scan-Pac Mfg., Inc., and its managers, David A. Pozorski, and Tarajee Nasha Rucker, violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.] by interfering with his right to take FMLA leave and terminating his employment because he exercised his FMLA rights.

### JURISDICTION AND VENUE

2.      Jurisdiction over Sobieralski's claims under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601-2654], is conferred on this Court by 29 U.S.C. § 2617(a)(2).

3. The proper federal venue for this action pursuant to 28 U.S.C. § 1391, is the Eastern District of Wisconsin where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed. R. Civ. P., have been performed or have otherwise occurred.

## JURY DEMAND

5. Sobieralski demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff Shawn Sobieralski ("Sobieralski") is an adult citizen of Wisconsin, domiciled at 2048 South 92nd Street, West Allis, WI 53227.

7. Defendant Scan-Pac Mfg., Inc. ("Scan-Pac") is a corporation organized and existing under the laws of the State of Wisconsin, that operates a manufacturing facility and is domiciled at N84W13480 Leon Road, Menomonee Falls, WI 53051.

8. Defendant David A. Pozorski ("Pozorski") is Scan-Pac's President and is domiciled at 540 Melody Ln, Colgate, WI 53017.

9. Defendant Tarajee Nasha Rucker ("Rucker") is Scan-Pac's Vice-President, Human Resources and is domiciled at 1622 Butler Dr., Waukesha, WI 53186.

## OPERATIVE FACTS

10. Sobieralski commenced employment with Scan-Pac as a Plant Manager during July 2011.

11. Sobieralski worked more than 1,250 hours during his last twelve months of employment with Scan-Pac.

2

12. On December 6, 2025, Sobieralski's wife was killed in a car accident.

13. On December 8, 2025, Sobieralski notified Defendants that because of his wife's death, he was suffering a serious health condition that prevented him from working.

14. Sobieralski was employed by Scan-Pac for more than 12 months as of December 8, 2025.

15. As a result of Sobieralski's serious health condition, he took FMLA-qualifying leave from work.

16. During Sobieralski's FMLA-qualifying leave from work, Pozorski badgered Sobieralski to return to work notwithstanding his ongoing serious health condition.

17. In response to Pozorski's badgering, Sobieralski returned to work on January 5, 2026, despite his ongoing serious health condition.

18. After Sobieralski returned to work, he notified Pozorski and Rucker repeatedly that his serious health condition was continuing, was interfering with his work, and he had not been released by his doctor to return to work.

19. On March 17, 2026, Scan-Pac, Pozorski, and Rucker terminated Sobieralski's employment.

20. Scan-Pac, Pozorski, and Rucker each had a role in hiring, firing, and supervising employees.

21. At all times relevant to this Complaint, Pozorski and Rucker acted directly or indirectly, in the interest of Scan-Pac.

22. Sobieralski had never received a negative performance reviews or discipline from Scan-Pac prior to termination.

3

23. Scan-Pac, Pozorski, and Rucker took materially adverse action against Sobieralski by terminating his employment on March 17, 2026, because Sobieralski exercised his protected rights under the FMLA.

24. Sobieralski's protected conduct was a substantial or motivating factor in the decision by Scan-Pac, Pozorski, and Rucker to terminate his employment.

25. The materially adverse action by Scan-Pac, Pozorski, and Rucker interfered with Sobieralski's exercise of his rights under the FMLA.

**FIRST COUNT**
**FMLA INTERFERENCE § 2615(a)(1)**

26. As and for a first count, Sobieralski re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

27. Scan-Pac, Pozorski, and Rucker deprived Sobieralski of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, Scan-Pac was covered by the FMLA, Sobieralski was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA leave, and defendants denied his FMLA benefits to which he was entitled.

28. The allegations more particularly described above regarding the intentional discriminatory practices of Scan-Pac, Pozorski, and Rucker, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et seq.*]

29. The allegations more particularly described above caused Sobieralski wage loss, benefits loss, and expenses, all to his damage.

4

**SECOND COUNT**
**FMLA RETALIATION § 2615(a)(2)\**

30.    As and for a second count, Sobieralski re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

31.    Scan-Pac, Pozorski, and Rucker violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Sobieralski's employment because of FMLA-protected activity.

32.    The allegations more particularly described above regarding the intentional discriminatory practices of Scan-Pac, Pozorski, and Rucker, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993 [29 U.S.C. § 2601, *et. seq.*].

33.    The allegations more particularly described above caused Sobieralski wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE, Plaintiff, Shawn Sobieralski, demands relief as follows:

a)    Damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

b)    The interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c)    Equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d)    A reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e)    Reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f)    Costs of the action pursuant to 29 U.S.C. § 2617;

5

g)	An additional amount as liquidated damages equal to the sum of damages and

interest pursuant to 29 U.S.C. § 2617; and

h)	Such other relief as the court deems just and equitable.

Dated this 17th day of April, 2026.

*Electronically signed by Alan C. Olson*
Alan C. Olson, SBN: 1008953
Nicholas O. Yurk, SBN: 1095278
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
 New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com

6